IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EMORY CHRISTOPHER SMITH,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:12-cv-179 (MTT) |
| | : | |
| Commissioner **BRIAN OWENS,** | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## **RECOMMENDATION**

Before the Court is Petitioner Emory Christopher Smith's 28 U.S.C. § 2254 petition seeking federal habeas corpus relief. Doc. 1. The petition alleges four grounds for relief: (1) that the indictment was void; (2) that trial counsel was ineffective; (3) that his guilty plea was void; and (4) that his guilty plea was involuntary. Because all four grounds identified by Petitioner fail to state a cognizable claim, it is hereby **RECOMMENDED** that the petition be **DENIED**.

PROCEDURAL BACKGROUND

On March 15, 2010, a grand jury in the Superior Court of Washington County returned a thirteen count indictment against Petitioner and six codefendants. Doc. 9-2 at 35-36. The grand jury charged Petitioner with one count of racketeering, two counts of burglary, and two counts of theft by taking. Id. at 37-41. On May 27, 2010, Petitioner entered a negotiated guilty plea to one count of racketeering and two counts theft by taking. Id. at 42. In exchange, the parties agreed to enter an order of nolle prosequi to the two counts of burglary. Id. The Washington County Superior Court sentenced Petitioner to twenty years imprisonment with credit for time served with the additional understanding that upon the service of twelve years imprisonment, the remaining eight years of Petitioner's sentence could be served on probation. Id.

On April 13, 2011, Petitioner filed a state habeas corpus petition in the Superior Court of Wheeler County. Doc. 9-1 at 1-10. In his state habeas petition, Petitioner listed the same four grounds identified in his federal habeas petition as well as one additional ground in which he claimed that the prosecutor had engaged in vindictive prosecution. Id. The Wheeler County Superior Court conducted an evidentiary hearing on June 21, 2011. Doc. 9-2 at 1-34. On December 2, 2011, after reviewing all five grounds, the Wheeler County Superior Court denied Petitioner's request for state habeas relief. Doc. 9-3 at 1-8. The Georgia Supreme Court unanimously denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas petition on April 24, 2012. Doc. 9-4 at 1.

On May 7, 2012, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief in this Court. Doc. 1. Respondent filed an answer and response brief. Doc. 6; Doc. 6-1. Petitioner did not reply to the answer and response brief, but Petitioner did update his address on February 22, 2013. Doc. 10.

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering this petition, the facts as found by the Wheeler County Superior Court during the state habeas corpus proceeding are adopted by this Court. These facts are as follows:

> Petitioner was indicted by the Washington County Grand Jury on or about March 15, 2010 for racketeering, two counts of burglary, and two counts of theft by taking. (Habeas Hearing Transcript June 21, 2011, pp. 32-38, hereinafter "HT"). Petitioner pled guilty on May 27, 2010 to racketeering and two counts of theft by taking. (HT 39). An Order of Nolle Prosequi was entered on the two counts of burglary. (HT 39). Petitioner was sentenced to twenty years imprisonment to serve twelve years with the remaining eight years on probation. (HT 39).
>
> Petitioner filed the instant petition pro se on April 13, 2011. At the evidentiary hearing, Petitioner's former trial counsel testified and was subjected to cross-examination. […] Petitioner was represented at the trial level by Duston Tapley.

(HT 4). Trial counsel has been licensed for thirty-four years and has handled thousands of criminal cases. (HT 4).

Trial counsel testified at the evidentiary hearing that Petitioner provided him with names of people who Petitioner said would admit that they were the people who committed the thefts. (HT 5). He testified that when he investigated these individuals, he could never verify that they would admit that they committed the thefts, that some of them would not talk to him, and that the ones who did talk to him would not have been helpful to Petitioner's case. (HT 6). He testified that in reviewing the case it appeared that Petitioner was on the "outer edge" of the criminal enterprise based on which he was charged but that in talking with the State and the investigating officers it appeared to him that the State had sufficient evidence to convict Petitioner and put him in the position of receiving a long sentence. (HT 10-11). He testified that he explained to Petitioner that the people he identified would not be helpful to his case. (HT 23-24).

Trial counsel testified that he did not see any basis upon which to file a demurrer to the indictment. (HT 27). He testified that as part of the plea agreement the State waived recidivist punishment. (HT 12). The Final Disposition makes no mention of Petitioner being sentenced as a recidivist. (HT 39). Trial counsel testified that it is his standard practice to advise clients regarding parole decisions that he can tell them what he thinks may happen but cannot tell them definitively what will happen. (HT 12). He testified that he did not coerce Petitioner into pleading guilty in any way and that he did not misrepresent the facts of this case or the law to Petitioner in any way. (HT 28).

Trial counsel testified that he discussed with Petitioner the constitutional rights he was waiving by pleading guilty while completing the plea questionnaire, including the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. (HT 26). He testified that he was satisfied that Petitioner understood that he was waiving these rights. (HT 26). The transcript of Petitioner's plea hearing shows that the trial court also advised Petitioner of these rights on the record. (HT 48-49). […]

Trial counsel testified at the evidentiary hearing that the plea agreement was negotiated with the State. (HT 25). At the plea hearing, the prosecutor outlined the State's recommendation as to the sentence of twenty years to serve twelve years with the remaining eight years on probation for racketeering and ten years in prison on each count of theft by taking to run concurrently with each other and with the sentence for racketeering. (HT 50). The trial court subsequently asked Petitioner if that was the recommendation to which he had agreed; Petitioner responded that it was. (HT 52). […]

Trial counsel testified that he felt that while it appeared that the State had sufficient evidence to convict Petitioner, the State's case was somewhat weak in the sense that most of the evidence was based on what other people would say.

3

(HT 11). He testified that if Petitioner had been convicted he was facing a long sentence and that he felt it was his duty to do the best thing for Petitioner and protect him from such a sentence. (HT 11). He testified that he thought Petitioner would be taking a big chance by going to trial. (HT 24). He testified that the only possible theory of defense he saw in this case was whether or not Petitioner could be placed at the crime scene and that this defense would hinge on what other people said, which ultimately turned out not to be helpful to Petitioner. (HT 25). He testified that he did not see any "slam-dunk" defense in this case. (HT 25). He testified that he never told Petitioner that he did not have a defense against these charges and actually told Petitioner that there were some defenses available. (HT 28). Petitioner stated on the record at the plea hearing that no one had threatened him in any way or used any force or violence against him to get him to plead guilty. (HT 47).

[Doc. 9-3 at 1-7.]

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a careful review of the record, and in light of the statement of facts presented herein, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of the AEDPA, federal courts are prohibited from granting habeas relief with respect to any claim adjudicated on the merits in state court unless that decision either (1) resulted in a decision contrary to, or involved an unreasonable application

of, clearly established federal law as determined by the Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); Wellons v. Warden, Georgia Diagnostic and Classification Prison, 695 F.3d 1202, 1206 (11th Cir. 2012). Not only is this standard "difficult to meet," Harrington v. Richter, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011), but it also is a "highly deferential standard for evaluating state-court rulings, … which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

A state court's decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

When a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Similarly, when reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but instead, whether the result was objectively unreasonable, which is "a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

DISCUSSION

Petitioner's federal habeas petition enumerates four of the same grounds that Petitioner previously identified in his state habeas petition, namely that: (1) the indictment was void; (2) trial counsel was ineffective; (3) his guilty plea was void; and (4) his guilty plea was involuntary. Doc. 1 at 5-11. Because Petitioner fails to establish that the state habeas court's decision was contrary to, or, an unreasonable application of, clearly established federal law, and because Petitioner fails to establish that the state habeas court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court, Petitioner is not entitled to any relief on Grounds One, Two, Three, and Four.

Ground One

In Ground One, Petitioner alleges that the indictment in this case is void because the indictment fails to charge an essential element of racketeering insofar as there is an insufficient explanation of what the enterprise is or how the law was violated. Doc. 1 at 5.

In Tollett v. Henderson, the Supreme Court explained that "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." 411 U.S. 258, 266 (1973). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." Id. at 267. Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. To the contrary, a criminal defendant only may attack the voluntary and intelligent character of the guilty plea and the nature of the advice received from trial counsel. Id.

6

Despite Petitioner's cursory allegations about the underlying indictment, the record establishes that the state habeas court properly applied Tollett and correctly determined that "[t]he Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea." Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991), citing Tollett, 411 U.S. at 267. Further, as the state habeas court noted, the Georgia Court of Appeals previously considered and rejected essentially the same argument that Petitioner raises here, namely that a criminal defendant charged with violating the Georgia Racketeer Influenced and Corrupt Organizations statute, O.C.G.A. § 16-14-1 *et seq.*, is entitled to have highly precise details about each element of his racketeering charge set forth in the indictment. See Drewry v. State, 201 Ga. App. 674, 674-675 (1991).

Petitioner fails to establish that the state habeas court's decision to reject his argument about the indictment being void was "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Similarly, Petitioner does not establish that the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding. 28 U.S.C. § 2254(d)(2). Petitioner also offers no additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual determinations. 28 U.S.C. § 2254(e)(1). After carefully reviewing the entire record, there is no basis to conclude that the state habeas court's decision about the indictment ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is not entitled to relief on Ground One.

Ground Two

In Ground Two, Petitioner alleges that he received ineffective assistance of counsel because trial counsel induced Petitioner to plead guilty through his factual and legal misrepresentations to Petitioner about this case. Doc. 1 at 7.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, "a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003), citing Strickland, 466 U.S. at 687. To establish deficient performance, "Petitioner must show counsel's performance 'fell below an objective standard of reasonableness.'" Cook v. Warden, Georgia Diagnostic Prison, 677 F.3d 1133, 1136 (11th Cir. 2012), quoting Strickland, 466 U.S. at 688. To establish prejudice, "Petitioner must show that a 'reasonable probability' exists that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Cook, 677 F.3d at 1136, quoting Strickland, 466 U.S. at 697.

Petitioner must establish both prongs of Strickland in order to show that counsel rendered ineffective assistance. Morton v. Secretary, Florida Department of Corrections, 684 F.3d 1157, 1166 (11th Cir. 2012). The two-prong Strickland test applies to challenges of guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A petitioner claiming ineffective assistance in the context of a guilty plea must show not only that counsel committed objectively unreasonable professional errors, but also a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Id. at 58–59.

When an ineffective assistance of counsel claim implicates both the AEDPA and Strickland, review in the Eleventh Circuit is "doubly deferential." Boyd v. Commissioner, Alabama Department of Corrections, 697 F.3d 1320, 1332 (11th Cir. 2012), citing Harrington, 562 U.S. at ___, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Secretary, DOC, 643 F.3d 907, 911 (11th Cir. 2011).

Despite Petitioner's vague allegations about the trial counsel, the record establishes that the state habeas court properly applied both Strickland and Hill and correctly rejected Petitioner's various claims of ineffective assistance of counsel. That is, after considering the underlying record and trial counsel's testimony, the state habeas court concluded that Petitioner failed to show that trial counsel's performance was deficient or that Petitioner was prejudiced by trial counsel's performance. As the state habeas court underscored, trial counsel specifically testified that he did not misrepresent either the facts or the law of this case to Petitioner. In addition, several of the factual findings about trial counsel made by the state habeas court were bolstered by other evidence that appears in the record, including the form entitled "sworn statement of defendant" and the transcript of Petitioner's guilty plea hearing, both of which indicate that Petitioner was fully satisfied with trial counsel's performance. These sworn statements by Petitioner further undercut his current claims of ineffective assistance of counsel.

Petitioner fails to establish that the state habeas court's decision that trial counsel provided effective assistance was "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Similarly, Petitioner does not establish that the

state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding. 28 U.S.C. § 2254(d)(2). Petitioner also offers no additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual determinations. 28 U.S.C. § 2254(e)(1). After carefully reviewing the entire record, there is no basis to conclude that the state habeas court's decision that trial counsel rendered effective assistance ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2). Consequently, Petitioner is not entitled to relief on Ground Two.

## Grounds Three and Four

Petitioner's remaining grounds for relief involve the validity of his guilty plea. In Ground Three, Petitioner alleges that his guilty plea was void because it is illegal to convict and sentence Petitioner of both racketeering and one of the predicate acts that form the basis of the racketeering charge. Doc. 1 at 8. In Ground Four, Petitioner alleges that his guilty plea was involuntary because the prosecutor and trial counsel forced Petitioner to plead guilty by making unspecified threats against him, and because the trial court did not adequately advise Petitioner of his constitutional rights prior to accepting his guilty plea. Id. at 10.

In Boykin v. Alabama, the Supreme Court explained that a state court's acceptance of a petitioner's guilty plea "without an affirmative showing that it was intelligent and voluntary" was plainly erroneous. 395 U.S. 238, 242 (1969). A guilty plea that is not knowing and voluntary violates the due process clause, and thus, is invalid. Boykin, 395 U.S. at 243 n. 5. For a guilty plea to be knowing and voluntary, the defendant must understand the significance of the waiver and the consequences of the plea. Id. at 243-244. To ensure that a guilty plea is knowing and voluntary, the Supreme Court advised trial courts "to conduct an on the record examination of the defendant which should include, *inter alia,* an attempt to satisfy itself that the defendant

understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." Id. at 244 n. 7.

Despite Petitioner's unsubstantiated allegations about his guilty plea, the record establishes that the state habeas court properly applied Boykin and correctly determined that Petitioner's guilty plea was knowing and voluntary. As to Ground Three, the state habeas court found that Petitioner pled guilty to three counts of a broader indictment alleging multiple criminal acts and that Petitioner willingly and knowingly accepted his sentence for all of the charged counts as detailed in the guilty plea hearing transcript. Based on these factual findings, the state habeas court expressly rejected Ground Three because Georgia law provides that "[w]hen a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly and knowingly accepts the specified sentences as to such charged counts, the defendant waives any claim that there was in fact only one act and that the resulting sentences are void on double jeopardy grounds." Lord v. State, 303 Ga. App. 378, 379 (2010), citing Turner v. State, 284 Ga. 494, 497(2) (2008). As to Ground Four, the state habeas court emphasized that the overall record, including the testimony of trial counsel and the guilty plea hearing transcript, undermined Plaintiff's current allegations that the prosecutor or trial counsel forced Petitioner to plead guilty by threatening him or that the trial court failed to advise Petitioner of his constitutional rights before accepting his guilty plea.

Petitioner fails to establish that the state habeas court's decision that his guilty plea was knowing and voluntary was "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Similarly, Petitioner does not establish that the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding. 28 U.S.C. § 2254(d)(2). Petitioner also offers no

11

additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual determinations. 28 U.S.C. § 2254(e)(1). After carefully reviewing the entire record, there is no basis to conclude that the state habeas court's decision that Petitioner pled guilty knowingly and voluntarily ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is not entitled to relief on Grounds Three and Four.

## CONCLUSION

Because all of the grounds identified by Petitioner fail to state a cognizable basis for federal habeas corpus relief, it is hereby **RECOMMENDED** that this petition be **DENIED**. Pursuant to the requirements of Rule 11(b) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is **FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 3rd day of April, 2014.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge